**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Russell Hughes WALKER, Respondent.**

No. 96–SC–178–KB.

Supreme Court of Kentucky.

May 23, 1996.

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, for Complainant.

Russell Hughes Walker, Versailles, for Respondent.

### OPINION AND ORDER

Respondent having failed to file a notice of review, this disciplinary matter stands submitted pursuant to SCR 3.370. The Inquiry Tribunal charged Respondent with six counts of unethical and unprofessional conduct. Respondent failed to answer or defend the charge within the time allowed by SCR 3.200 and the case was submitted to the Board of Governors pursuant to SCR 3.210.

The Board of Governors found Respondent guilty of the following charge: 1) Two counts of violating SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing his clients; (2) violating SCR 3.130–8.3 by misrepresenting to his clients, on several occasions, that he would file a lawsuit; (3) violating SCR 3.130–1.16(d) by failing to return a $1,000 fee paid to him for services never rendered; (4) violating SCR 3.130–1.4(a) by failing to keep his clients reasonably informed about his actions in representing them.

The Board of Governors unanimously recommended a one-year suspension from the practice of law. This Court adopts that decision with respect to all matters herein. However, we confess our perplexity with respondent's failure to answer or defend the charge, or even acknowledge his misconduct and seek leniency.

The Respondent, Russell Hughes Walker, is adjudged to be guilty as charged. He is hereby suspended from the practice of law in this Commonwealth for a period of one year from the date of entry of this order and until such time as he is reinstated to the practice of law by order of this Court.

Pursuant to SCR 3.390, Russell Hughes Walker shall, within ten (10) days of the date of entry of this Order, notify all courts in which he has matters pending and all clients for whom he has actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and

urgency of promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States Mail, and the Respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

Further, Respondent shall not be allowed to apply for reinstatement to the Bar until repayment of the one thousand ($1,000) dollar retainer to the complainant, or, if applicable, to the Client Security Fund.

The Kentucky Bar Association shall recover from the Respondent, Russell Hughes Walker, costs of this proceeding pursuant to SCR 3.450, in the amount of $84.08.

STEPHENS, C.J., and BAKER, GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

ENTERED: May 23, 1996.

/s/ Robert F. Stephens
Chief Justice